UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BNA MARINE SERVICES LLC** | **CASE NO.  6:22-CV-05686** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **SAFE MARINE ASSURANCE LLC** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is the Motion to Transfer Venue filed by Defendant/Third-Party Plaintiff, Safe Marine Assurance, LLC. (Rec. Doc. 9). Plaintiff, BNA Marine Services, LLC, opposed the Motion (Rec. Doc. 11). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Safe Marine's Motion be denied.

### Factual Background

BNA filed a Petition on Open Account in state court in St. Mary Parish, Louisiana to recover allegedly unpaid invoices from Safe Marine for BNA's work performed on the vessel *Oranda 1*. (Rec. Doc. 1-2, p. 3-20). Safe Marine removed the case to this Court based on diversity jurisdiction. (Rec. Doc. 1). Thereafter, Safe

Marine filed a Third-Party Complaint and Rule 14(c) tender against Pearl HPW Limited in which Safe Marine alleged that Pearl, owner of the *Oranda 1,* engaged Safe Marine for consulting, engineering, and repair services and was to reimburse Safe Marine for these services. Safe Marine alleged that Pearl is responsible for BNA's unpaid materials and services and tendered BNA's claims to Pearl. Safe Marine's Third-Party Complaint asserts admiralty/maritime jurisdiction under 28 U.S.C. § 1333 and Rule 9(h). (Rec. Doc. 5). Pearl, a Nigerian entity, has not been served with the Third-Party Complaint and BNA has not asserted any claims against Pearl. Safe Marine submits, and BNA does not dispute, that Pearl is unlikely to be served as it is not a signatory to the Hague Convention.

Safe Marine seeks to transfer the case to the Eastern District of Louisiana on the grounds of convenience in that the parties' only source of recovery, the vessel, is located in the Eastern District, such that attachment and proceedings *in rem* may only occur there. BNA opposes the motion, arguing that federal court admiralty/maritime jurisdiction does not exist over Safe Marine's Third-Party Complaint, which therefore cannot support a transfer.

## Law and Analysis

28 U.S.C. §1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to

which all parties have consented." The district courts have broad discretion in deciding whether to order a transfer. *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 311 (5th Cir. 2008).

The preliminary question under § 1404(a) is whether a civil action "might have been brought" in the destination venue. *Id*. Safe Marine argues that the suit could have been brought in the Eastern District because it is a maritime proceeding and venue is proper wherever a defendant may be served. See *In re McDonnell-Douglas Corp.,* 647 F.2d 515, 516 (5th Cir. 1981) (Venue in an *in personam* admiralty action is proper wherever service can be made, because in the general admiralty practice venue and personal jurisdiction analyses merge.) Safe Marine's argument assumes the Court may exercise admiralty/maritime jurisdiction over these claims.

The Fifth Circuit has long recognized the plaintiff's exclusive right to proceed under admiralty/maritime jurisdiction:

> A plaintiff with a claim cognizable in the district court's admiralty/maritime jurisdiction and also cognizable in another basis of jurisdiction may invoke whichever jurisdiction he desires. Fed.R.Civ.P. 9(h). To invoke the admiralty jurisdiction, a plaintiff must insert a statement in his pleading identifying the claim "as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), 82 and the Supplemental Rules for Certain Admiralty and Maritime Claims." Rule 9(h). Otherwise, unless the claim is cognizable only in admiralty, the special practice features for admiralty claims are not applicable. 2A Moore's Federal Practice 9.09 (2d ed.1987). A plaintiff may, however, amend his complaint to invoke the court's admiralty jurisdiction.

*Bodden v. Osgood*, 879 F.2d 184, 186 (5th Cir. 1989).

"The complaint does not have to explicitly cite to Rule 9(h), but it must at least include 'a simple statement' invoking admiralty jurisdiction." *Poincon v. Offshore Marine Contractors, Inc.,* 9 F.4th 289, 294 (5th Cir. 2021). The decision of whether to proceed in admiralty belongs to the plaintiff, and not the third-party complainant. *Id*. at 295.

BNA's Petition on Open Account is devoid of any statement identifying the claim as one in admiralty or maritime or any reference to the applicable rules. (Rec. Doc. 1-2). Absent any such clear designation, the Court lacks admiralty/maritime jurisdiction; although, that the Court may exercise diversity jurisdiction over BNA's claims is not disputed.

Safe Marine relies upon *Jambon & Assocs., L.L.C. v. Seamar Divers, Inc.*, No. CIV.A. 09-2670, 2009 WL 2175980, at *5 (E.D. La. July 20, 2009), wherein the court held that the plaintiff's purported suit on open account under Louisiana law sounded in admiralty. *Jambon* is distinguishable, however, in that the plaintiff in that case sued to recover pursuant to maritime contracts pertaining to clearly maritime services for three vessels. Here, BNA seeks to recover for "certain services" which appear to be related to vessel repair and maintenance. The parties did not provide a copy of the applicable contract or otherwise expound upon the type of services provided or the location thereof. Thus, the Court is unable to find that maritime

Case 6:22-cv-05686-DCJ-CBW Document 13 Filed 01/10/23 Page 5 of 8 PageID #: 150

jurisdiction arises due to the existence of a maritime contract. Compare *Cameron Offshore Boats, Inc. v. Alpine Ocean Seismic Survs.,* 862 F. Supp. 1578, 1583 (W.D. La. 1994), wherein the court held that admiralty jurisdiction did not lie, since the plaintiff in a suit on open account did not include a statement in the petition identifying the claim "as an admiralty or maritime claim for purposes of rules 14(c), 38(e), 82 and the Supplemental Rules for Certain Admiralty and Maritime Claims." The *Cameron Offshore Boats* court ultimately found jurisdiction warranted for the plaintiff's second cause of action because, in addition to *in personam* claims for open account, the plaintiff had also asserted *in rem* claims against mineral lease holders in the Gulf of Mexico, thereby raising federal question jurisdiction under § 1331 pursuant to the Outer Continental Shelf Lands Act. In the instant case, BNA has not asserted *in rem* claims warranting application of OCSLA, and Safe Marine has not shown the existence of a maritime contract.

Safe Marine attempts to bootstrap these proceedings into admiralty/maritime jurisdiction by asserting such statements in its Third-Party Complaint. Although Rule 14(c) may be used to implead a non-admiralty third-party action into an admiralty action when an independent basis for jurisdiction exists, *Harcrest Int'l, Ltd. v. M/V Zim Keelung*, 681 F. Supp. 354, 355 (E.D. La. 1988), the opposite is not true.

5

The Eastern District faced a nearly identical scenario in *Mike Evans Crane Servs., LLC v. Cashman Equip. Corp.,* No. 2:11-CV-01525, 2013 WL 789087, at *4 (E.D. La. Mar. 1, 2013). In that case, the plaintiff filed suit in state court to recover for services rendered to a vessel, and the defendant removed the case based on § 1332 diversity jurisdiction and filed a third-party claim *in rem* against the vessel. Finding that the plaintiff had not expressly designated its claim as admiralty or maritime under Rule 9(h), the defendant could not assert an admiralty third-party claim under Rule 14(c). *Id.* The court reasoned that it was "clear that the *plaintiff, not the defendant, must designate the claim as one in admiralty for Rule 14(c) to apply." Id.* citing *Harrison v. Glendale Drilling Co.,* 679 F.Supp. 1413, 1418 (W.D.La.1988). (Emphasis in original.) Likewise, in the instant case, BNA did not expressly designate its claim as admiralty or maritime, and the Court finds no other basis for admiralty/maritime jurisdiction over its claims. As such, Safe Marine's third-party claim cannot serve as the basis for admiralty/maritime jurisdiction.[1]

Safe Marine has not presented any other evidence that venue would be proper in the Eastern District. BNA is a St. Mary Parish entity, Safe Marine is a Texas entity, and work was allegedly performed in St. Mary Parish. (Rec. Doc. 1-2; Rec. Doc. 5, ¶1). Thus, Safe Marine cannot overcome the initial hurdle under § 1404(a)

---

[1] The Court notes that Safe Marine's Third-Party Complaint is otherwise subject to the Court's diversity jurisdiction under § 1332.

6

to show that suit might have been brought in the Eastern District. Accordingly, the Court need not address whether transfer is warranted under §1404(a) and the relevant factors. See *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008).

## **Conclusion**

For the reasons discussed herein, the Court recommends that Safe Marine Assurance, LLC's Motion to Transfer Venue be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 10th day of January, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE