# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **BNA MARINE SERVICES, LLC** | **CIVIL DOCKET NO. 6:22-cv-05686** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **SAFE MARINE ASSURANCE, LLC** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is the MOTION FOR SUMMARY JUDGMENT (the "Motion") filed by plaintiff BNA Marine Services, LLC's ("BNA"). The Motion is unopposed. [Doc. 33]. For the following reasons, BNA's Motion is GRANTED.

### BACKGROUND

In the spring of 2020, defendant Safe Marine Assurance, LLC ("Safe Marine") contacted BNA about providing work on a vessel, the Oranda 1, that was moored at Bollinger Shipyard in Amelia, St. Mary Parish, Louisiana. [Doc. 33-3]. Before work began, Safe Marine completed a credit application form, in which Safe Marine identified itself as a maritime consultancy and directed that any invoices in connection with the work to be performed be sent to Jeramie W. Rivette ("Rivette"), Safe Marine's CEO. [Docs. 33-3, 33-4]. From May 2020 to July 2020, BNA provided services to Safe Marine, the purpose of which was to restore the vessel in order for it to return to operations. [Docs. 33-3, 33-12].

On September 18, 2020 and September 21, 2020, BNA sent invoices for work performed on the Oranda I to Safe Marine.[1] [Docs. 33-5, 33-6]. The invoices included the following payment terms: "NET 30 DAYS A finance charge is computed on a periodic rate of 1 ½% per month which is an annual percentage rate of 18% on any previous balance not paid within 30 days." [*Id.*] Safe Marine has made no payment to BNA.[2] [Doc. 33-3].

On May 23, 2022, BNA filed suit on open account against Safe Marine in the Sixteenth Judicial District Court for the Parish of St. Mary. [Doc. 1-2]. At that time, the principal amount plus interest owed by Safe Marine totaled $151,427.61. [Doc. 33-9]. On October 13, 2022, Safe Marine removed the case to this Court on the basis of diversity jurisdiction. [Doc 1]. BNA filed a Motion for Summary Judgment [Doc. 33] on March 22, 2024, and Safe Marine failed to file a timely Opposition. Therefore, the Motion is ripe for ruling.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the

---

[1] The first invoice, #23875, was for the sum of $58,524.11, and the second invoice, #23464, was for the sum of $57,995.20. [Docs. 33-5, 33-6].

[2] On July 2, 2021 and September 28, 2021, BNA's CFO communicated with Rivette via email regarding the unpaid invoices. In response to both emails, Rivette stated that he was waiting on payment from the owner of the Oranda 1. [Docs. 33-7, 33-8].

nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial – and thus a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party..." *Id.*

Under the Western District of Louisiana's Local Rule 7.5, a party who opposes a motion "shall file a response ... within 21 days after service of the motion." Local Rule 56.2 provides specifically for opposing summary judgments and states, "All material facts set forth in the statement required to be served by the moving party will be *deemed admitted*, for purposes of the motion, unless controverted as required

by this rule." (emphasis added). Furthermore, if the opposing party fails to address the movant's assertions of fact the court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). The court, however, cannot grant summary judgment merely because the motion is unopposed. Fed. R. Civ. P. 56(e)(3); *see also Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995).

In this case, BNA filed its motion on March 22, 2024. The 21-day deadline expired in mid-April, and Safe Marine has not opposed the motion, nor has it requested an extension of time to do so. Accordingly, under Local Rule 56.2 and FRCP 56(e)(2), BNA's assertions of fact are deemed admitted for the purposes of the Motion. While there are no genuine issues of material fact in dispute, the Court must still consider whether BNA is entitled to judgment as a matter of law.

## LAW AND ANALYSIS

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Accordingly, BNA's claim on open account is governed by La. R.S. 9:2781 ("Open Account Statute"),[3] which states in relevant part:

---

[3] In its Answer, Safe Marine lists as its Eighth Defense that this case arises under and is governed by general maritime law and not Louisiana's open account statute. [Doc. 3]. In its Motion, BNA argues that maritime law does not apply because the Oranda I was a "dead ship," meaning it was "withdrawn from navigation and maritime commerce." *In re S. Recycling, L.L.C.*, 982 F.3d 374, 383 (5th Cir. 2020) (citing *Amoco Oil v. M/V Montclair*, 766 F.2d 473, 477 (11th Cir. 1985)). The Court agrees. "Whether a vessel has been withdrawn from navigation is a question of the physical characteristics of and modifications to the structure." *See* Thomas J. Schoenbaum, 1 Admiralty & Mar. L. § 3:6 (6th ed. 2018). In support of its Motion, BNA attached the deposition of Safe Marine's CEO, Jeramie Rivette, taken in *Stabbert Maritime Holdings, LLC et al. v. Pearl HPW Limited et al.*, 2:22-cv-368-BWA-MBN (E.D. La.), wherein Mr. Rivette testified that "Oranda 1 had no propulsion system or thrusters online, no diesel on board," and "was completely not operational." [Doc. 33-11].

> …"[O]pen account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services.

La. R.S. 9:2781(D). Louisiana courts have defined an open account as "an account in which a line of credit is running and is open to future modification because of expectations of prospective business dealings, and services are recurrently granted over a period of time." *Cent. Facilities Operating Co. v. Cinemark USA, Inc.*, 36 F. Supp. 3d 700, 706 (M.D. La. 2014) (Brady, J.), *citing Signlite, Inc. v. Northshore Serv. Ctr., Inc.*, 959 So.2d 904, 907 (La. App. 1st Cir. 2007); *see also Shreveport Elec. Co., Inc. v. Oasis Pool Serv. Inc.*, 889 So.2d 274, 279 (La. App. 2nd Cir. 2004); *Ormet Primary Aluminum Corp. v. Ballast Techs., Inc.*, 436 F. App'x 297, 300-01 (5th Cir. 2011), *citing Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc.*, 449 So.2d 1014, 1015-16 (La. 1984). "To prevail on a suit on open account, the creditor must prove that the debtor contracted for the services on an open account." *Cinemark*, 36 F. Supp. 3d at 706, *citing Dixie Mach. Welding & Metal Works, Inc. v. Gulf States Marine Technical Bureau, Inc.*, 692 So.2d 1167, 1169 (La. App. 5th Cir. 1997).

Under La. R.S. 9:2781(A), when a person fails to pay an open account within 30 days after the claimant sends written demand correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees when judgment in the claimant's favor is rendered. Because the statute imposes attorney

---

The Court takes judicial notice of this deposition and finds that Oranda I was a "dead ship." Accordingly, Louisiana law, not maritime law, governs.

fees awards as a penalty, it must be strictly construed. *Ormet* 436 F. App'x at 300–01 (Louisiana Supreme Court has cautioned that the Open Account Statute must be construed "strictly [ ] because the award of attorney fees is exceptional and penal in nature."), *citing Beier Radio*, 449 So.2d at 1015-16.

The evidence proffered by BNA—Safe Marine's credit application form, invoices, and email exhibits—demonstrates that Safe Marine owes $151,427.61 to BNA on open account. The credit application listed Jeramie Rivette, Safe Marine's CEO, as the Safe Marine contact and recipient of all invoices. [Doc. 33-4]. Further, the invoices clearly indicate the principal amount due as well as the payment terms, including the penalty interest amount. [Docs. 33-5, 33-6]. This amount was correctly reflected in BNA's written demand, which was sent to Safe Marine via service and citation of the Petition on September 15, 2022, in accordance with the requirements of the Open Account Statute.[4] [Docs. 1; 33-10]. Additionally, thirty days has long passed since BNA made written demand.

As for attorney fees, the Open Account Statute provides, "If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant." La. R.S. 9:2781(A). BNA and its attorney have expressly agreed that Safe Marine shall be liable for BNA's attorney fees equal to 25% of the amount due by Safe Marine. [Doc.

---

[4] La. R.S. 9:2781 provides, "Citation and service of a petition shall be deemed written demand for the purpose of this Section."

33-3]. Thus, BNA is entitled to attorney's fees in the amount of $37,856.90, representing 25% of $151,427.61. The Court finds these attorney fees reasonable.

## CONCLUSION

Thus, for the foregoing reasons, and this Court concluding that the Motion is well-grounded in law and fact,

IT IS HEREBY ORDERED that Plaintiff's MOTION FOR SUMMARY JUDGMENT [Doc. 33] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall prepare and file a proposed judgment within seven (7) days of the issuance of this Ruling.

THUS, DONE AND SIGNED in Chambers on this 1st day of May 2024.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE